Sunar v. Garland

BIA
Vomacka, IJ
A206 882 136

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

TUL PRASAD SUNAR,
> *Petitioner,*

> v.                                    20-3722
>                                       NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Dilli Raj Bhatta, Esq., Bhatta Law & Associates, New York, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Assistant Attorney General; Gregory D. Mack, Senior Litigation

Counsel; Sarah L. Martin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Tul Prasad Sunar, a native and citizen of Nepal, seeks review of an October 22, 2020, decision of the BIA affirming a July 27, 2018, decision of an Immigration Judge ("IJ") denying Sunar's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Tul Prasad Sunar,* No. A206 882 136 (B.I.A. Oct. 22, 2020), *aff'g* No. A206 882 136 (Immig. Ct. N.Y. City July 27, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's adverse credibility determination because the BIA did not reach it. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."); *Lecaj v. Holder*, 616 F.3d 111, 114 (2d Cir. 2010) (reviewing factual findings under the substantial evidence standard and questions of law and application of law to fact de novo).

The agency did not err in concluding that Sunar failed to satisfy his burden of proof for asylum, withholding of removal, and CAT relief based on his claim that Maoists attacked him and detonated a bomb near his home in 2013 on account of his support of the Rastriya Prajatantra Party ("RPP"). To obtain asylum, Sunar had the burden to establish that he suffered past persecution, or that he has a well-founded fear of future persecution, on account of his political opinion. 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(A), (B)(i).

The agency did not err in concluding that Sunar failed to establish that the past harm he suffered rose to the level of persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d

3

Cir. 2011) (quotation marks omitted). "[W]hile the difference between harassment and persecution is necessarily one of degree, the degree must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quotation marks and citation omitted). For instance, a beating may constitute persecution in some circumstances (such as when administered in conjunction with an arrest or detention), even though a beating alone does not "constitute[] persecution *per se*." *Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011).

Sunar's testimony did not "refer[] to specific facts" that would compel the conclusion that the incidents he experienced rose to the level of persecution. 8 U.S.C. § 1158(b)(1)(B)(ii). Indeed, Sunar stated that he suffered only "a little bit" when Maoists hit him and that Maoists detonated a bomb that damaged only the ground 80 meters from his house, without providing details about the bombing, such as whether he heard or saw the explosion, whether anyone was harmed or nearby when it detonated, and whether there were other buildings nearby.[1] *See Jian Qiu Liu*, 632 F.3d at 822

---

[1] Contrary to Sunar's contention, the BIA did not affirm the

4

(finding no error in the agency's determination that applicant failed to establish past persecution when "he suffered only minor bruising from an altercation with family planning officials, which required no formal medical attention and had no lasting physical effect"). Moreover, the agency did not err in declining to credit unsworn statements from Sunar's relatives, his neighbor, and RPP members alleging that Sunar was the target of the bomb because the statements were not based on first-hand knowledge and were strikingly similar to one another in content. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."); *Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) ("[T]his court has . . . firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'"). Further, the harm suffered by Sunar's wife, which he did not witness and which apparently targeted her and not him, is not evidence

IJ's adverse credibility finding but rather agreed that Sunar did not satisfy his burden of demonstrating that he was the target of the bombing.

5

that he suffered past persecution. *See Shi Liang Lin v. U.S. Dep't of Just.*, 494 F.3d 296, 308 (2d Cir. 2007) (concluding "that the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered"); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141-42 (2d Cir. 2007) (recognizing that there may be circumstances when harm to an applicant's family member amounts to past persecution of the applicant, but noting that such a situation would presumably require that the applicant share or be perceived to share "the characteristic that motivated persecutors to harm the family member," be in the "zone of risk," and suffer some "continuing hardship" following the incident, or alternatively that the applicant show that the harm was a means of targeting the applicant).

Absent past persecution, Sunar could establish eligibility for asylum only by demonstrating a well-founded fear of future persecution, "which requires . . . credible testimony that he subjectively fears persecution" and that he "establish that his fear is objectively reasonable." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004);

6

*see also* 8 C.F.R. § 1208.13(b)(2). The agency did not err in concluding that Sunar failed to establish an objectively reasonable fear of persecution. Sunar did not claim that Maoists had looked for him since his departure from Nepal in 2013 but stated only that they threatened him in the course of attacking his wife in 2017 on account of her, not his, political activities. But his wife's written statement does not corroborate that threat, reporting only that Maoists beat her and threatened *her* life because of her political activities. And the country conditions evidence discusses isolated incidents of violence around the 2013 and 2017 elections but does not discuss any incidents in which RPP supporters were harmed. Sunar's testimony that Maoists threatened him on one occasion since his 2013 departure from Nepal thus does not compel a finding that he has a well-founded fear of persecution. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4)(B); *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Because Sunar does not have a well-founded fear of persecution, the agency did not err in denying

7

asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate and withholding of removal and CAT relief require "a greater likelihood of future persecution than that required for the grant of asylum."[2] *Lecaj*, 616 F.3d at 119–20.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[2] Contrary to the Government's contention, Sunar challenges the agency's denial of withholding of removal and CAT relief by arguing that the agency erred in relying on his failure to satisfy the burden for asylum to deny those forms of relief.